## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**KENYATTA HOWARD,**

      **Petitioner,**

**v.**                         **Case No. 1:16cv143-WTH/CAS**

**SECRETARY OF DEPARTMENT**
**OF CORRECTIONS, State of Florida,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On April 6, 2016, Petitioner Kenyatta Howard, represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, with attachments.   ECF No. 1.   Petitioner also filed a supporting memorandum.   ECF No. 5.   On November 3, 2016, Respondent filed an answer and exhibits.   ECF No. 11.   Petitioner filed a reply on January 5, 2017.   ECF No. 14.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).   After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this case.   *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.   For the reasons stated herein, the

pleadings and attachments before the Court show Petitioner is not entitled

to federal habeas relief, and this § 2254 petition should be denied.

## Background and Procedural History

Petitioner Kenyatta Howard was arrested on December 16, 2011, and

ultimately charged by amended information with two counts in Levy County

Circuit Court case number 2011-CF-826, in connection with events that

took place on or about November 23, 2011, involving a controlled buy

between Howard and a confidential informant (CI):   (1) possession of a

controlled substance (cocaine) with intent to sell, contrary to section

893.13(1)(a)1., Florida Statutes; and (2) sale and delivery of a controlled

substance (cocaine), contrary to section 893.13(1)(a)1., Florida Statutes.

Ex. A at 1-8, 11.[1]   Howard proceeded to a jury trial on July 25, 2012.   Ex.

B.   Howard did not testify during the trial.   *Id.* at 117-18.   The jury found

him guilty on each count, as charged.   Ex. A at 99; Ex. B at 177-78.   That

same day, the judge adjudicated Howard guilty and sentenced him to ten

years in prison, with credit for 69 days served, followed by a five-year term

---

[1]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 11.

of drug offender probation.    Ex. A at 67-72, 102, 108; Ex. B at 184-87.

Howard appealed his judgment and sentence to the First District Court of Appeal (DCA), assigned case number 1D12-3688.    Ex. A at 104; *see* Exs. E (Amended Initial Brief), F (Answer Brief), G (Reply Brief).    The Amended Initial Brief presented two points on appeal.    Ex. E at 2-3.    On September 24, 2013, the First DCA per curiam affirmed the case without a written opinion.    Ex. I; Howard v. State, 121 So. 3d 1040 (Fla. 1st DCA 2013) (table).

On April 18, 2014, Howard filed, through counsel, a motion for post-conviction relief in the state trial court, pursuant to Florida Rule of Criminal Procedure 3.850, raising twelve (12) grounds.    Ex. J at 1-52.    The state court summarily denied post-conviction relief by order rendered February 9, 2015.    *Id.* at 53-64 (exclusive of attachments).    Howard, through counsel, appealed to the First DCA and filed an initial brief, assigned case number 1D15-866.    Ex. K (Initial Brief).    The State did not file an Answer Brief. *See* online docket for 1D15-866 at www.1dca.org.    The First DCA per curiam affirmed the case without a written opinion on September 2, 2015. Ex. L; Howard v. State, 177 So. 3d 253 (Fla. 1st DCA 2015) (table).

Howard filed a motion for rehearing, rehearing en banc, and written opinion, which the First DCA denied by order on October 21, 2015.   Ex. M. The First DCA issued the mandate on November 6, 2015.   Ex. W.

As indicated above, Howard, through counsel, filed a § 2254 petition in this Court on April 6, 2016.   ECF No. 1.   He raises 13 grounds, all alleging ineffective assistance of counsel (IAC) except the last:

(1)  "Trial counsel rendered ineffective assistance of counsel when he failed to adequately move for a judgment of acquittal."   *Id.* at 5.

(2)  "Trial counsel failed to act as the counsel required under the United States Constitution when he failed to request a continuance when new evidence was presented on the day of trial."   *Id.* at 7.

(3)  "Trial counsel rendered ineffective assistance of counsel when he failed to properly address the potential conflict with the presiding judge by filing a motion to recuse the Honorable Judge James Browning."   *Id.* at 9.

(4)  "Trial counsel failed to act as the counsel required by the United States Constitution when he failed to request a change of venue and as a result, the Petitioner was substantially prejudiced."   *Id.* at 11.

(5)  "Trial counsel rendered ineffective assistance of counsel when he failed to pursue an entrapment defense on the Petitioner's behalf and as a direct result of trial counsel's deficient actions, the Petitioner's constitutional rights were violated."   *Id.* at 13.

(6)    "Trial counsel failed to act as the counsel required by the United States Constitution when he failed to call any witnesses on the Petitioner's behalf and as a result, the Petitioner was substantially prejudiced."   *Id*. at 16.

(7)    "Trial counsel failed to act as the counsel required by the United States Constitution when he failed to impeach the State's witnesses and as a result, their testimony went untouched and the Petitioner was substantially prejudiced." *Id*. at 18.

(8)    "Trial counsel rendered ineffective assistance when he failed to adequately cross-examine State witnesses."   *Id*. at 21.

(9)    "Trial counsel failed to effectively represent the Petitioner when he failed to give a proper closing argument at the close of the Petitioner's case and as a result, the jury was only exposed to the State's theory of the case, thus, substantially prejudicing the Petitioner."   *Id*. at 23.

(10) "Trial counsel failed to act as the counsel required by the United States Constitution when he failed to object to the jury instructions that were inconsistent with the Petitioner's information."   *Id*. at 26.

(11) "Trial counsel failed to act as the counsel required under the Constitution when he failed to offer any mitigation evidence at the Petitioner's sentence and as a result, the Petitioner was substantially prejudiced."   *Id*. at 28.

(12) "The cumulative effect of trial counsel's errors rendered his assistance ineffective within the meaning of <u>Strickland</u>."   *Id*. at 30.

(13) "The Petitioner is currently confined contrary to the United States Constitution where the evidence was insufficient to sustain the jury's verdict of guilty beyond a reasonable doubt." *Id.* at 31.

Respondent filed an answer, with exhibits.  ECF No. 11.  Howard has filed a reply.  ECF No. 14.

## <u>Analysis</u>

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody.  Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  *See, e.g.,* <u>Cullen v. Pinholster</u>, 563 U.S. 170, 180-83 (2011); <u>Gill v. Mecusker</u>, 633 F.3d 1272, 1287-88 (11th Cir. 2011).  "This is

Case No. 1:16cv143-WTH/CAS

a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'"   Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)). This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits."   Id.

   For claims of ineffective assistance of counsel (IAC), the United States Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was deficient.   This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.   Second, the defendant must show that the deficient performance prejudiced the defense.   This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).   To demonstrate ineffectiveness, a "defendant must show that counsel's performance fell below an objective standard of reasonableness."   Id. at 688.   To demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   Id. at 694.   "A reasonable

probability is a probability sufficient to undermine confidence in the outcome." *Id.* For this Court's purposes, importantly, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'" Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)). "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.* It is a "doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard." *Id.*

### Ground 1:   IAC – Judgment of Acquittal

In his first ground, Petitioner Howard argues his trial counsel provided ineffective assistance by not adequately moving for a judgment of acquittal. ECF No. 1 at 5. Petitioner asserts counsel did not offer the trial court "any grounds or supporting argument for the motion" and instead "offered a 'bare bones' or 'boilerplate' motion that lacked any specific argument required for preservation." *Id.*

Petitioner presented this ground in state court as the first claim in his

Rule 3.850 motion.   Ex. J at 10-13.   The state post-conviction court

summarily denied the claim, making the following findings:

> As to Claim One, Defendant alleges that trial counsel was
> ineffective for failing to adequately move for a judgment of
> acquittal.   According to Defendant, but for counsel's boilerplate
> motions for judgment of acquittal there is a reasonable
> probability that the outcome of this case would have been
> different.   *See* Trial Transcript at 116 (lines 19-25) – 117 (lines
> 1-7), 126 (lines 5-14).   However, the gist of Defendant's claim
> is that the evidence presented at trial was insufficient to support
> his convictions.   A defendant cannot challenge the sufficiency
> of the evidence underlying his convictions through a rule 3.850
> motion, especially where there has been a direct appeal.   Betts
> v. State, 792 So. 2d 589, 590 (Fla. 1st DCA 2001); *see also*
> Johnson v. State, 593 So. 2d 206, 208 (Fla. 1992) ("[i]ssues
> which either were or could have been litigated at trial and upon
> direct appeal are not cognizable through collateral attack").
> Motions filed under rule 3.850 "cannot be utilized for a second
> appeal."   Jones v. State, 446 So. 2d 1059, 1061-62 (Fla.
> 1984).   Because Defendant fails to show any actual prejudice
> caused by counsel's failure to file a legally sufficient motion for
> judgment of acquittal, the claim raised is without merit.

*Id.* at 55.   On appeal, the First DCA affirmed without a written opinion.

This constitutes a ruling on the merits and is entitled to AEDPA deference.

*See* 28 U.S.C. § 2254(d); Harrington, 562 U.S. at 98-100.

The state post-conviction court denied "the gist of [this] claim" on an

independent and adequate state ground.   Accordingly, it is barred from

consideration in federal habeas.   *See, e.g.*, Harmon v. Barton, 894 F.2d

1268, 1273 (11th Cir. 1990) (concluding that state appellate court's "per

curiam affirmance of the trial court's ruling explicitly based on procedural default is a clear and express statement of its reliance on an independent and adequate state ground which bars consideration by the federal courts").

Moreover, even considering the claim, the State did present sufficient evidence to support the convictions, as set forth in the analysis of Ground 13, *infra*.   Thus, any deficiency by counsel in not presenting argument for the JOA motion did not result in prejudice to Petitioner.

Petitioner Howard has not shown that the state court's rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts.   *See* 28 U.S.C. § 2254(d)(1)-(2).   Accordingly, this ground should be denied.

## Ground 2:   IAC – Continuance

In his second ground, Petitioner Howard argues his trial counsel provided ineffective assistance by not requesting a continuance when new evidence was presented the day of the trial.   ECF No. 1 at 7.   Petitioner presented this ground in state court as the second claim in his Rule 3.850 motion.   *See* Ex. J at 13-14.   The state post-conviction trial court

summarily denied the claim, making the following findings:

> As to Claim Two, Defendant alleges that trial counsel was ineffective for failing to request a continuance when new evidence was presented on the day of trial.   On the day of trial, the State filed a supplement discovery exhibit listing two witnesses; and, documentation related to the source of the prescription box in which the cocaine was found.   *See* Supplemental Discovery Exhibit.   These witnesses would have testified that the prescription box in which the cocaine was found was sold to the mother of the person who drove Defendant to the scene of the offense.   *See* Trial Transcript at 5 (lines 14-25) – 6 (lines 1-12).   Despite notice of the new witnesses, counsel indicated to the court that the defense was prepared to proceed to trial.   *Id.* at 6 (lines 13-25) – 7 (lines 1-15).   According to Defendant, had counsel moved for continuance, the defense would have had more time to investigate.

> At trial, the testimony and evidence presented reflected that Defendant was the person who sold the confidential informant cocaine and placed it in the trunk of the confidential informant's car.   *Id.* at 51 (lines 6-25) – 67 (lines 1-11), 99 (lines 20-24), 102 (lines 6-25) – 111 (lines 1-22).   The fact the prescription box was from the mother of another person in the same vehicle as Defendant does not diminish or undermine Defendant's guilt as to the charged offense.   For this reason, Defendant fails to show either error by counsel or prejudice.   Accordingly, the claim raised is without merit.

*Id.* at 56.   On appeal, the First DCA affirmed without a written opinion.

This constitutes a ruling on the merits and is entitled to AEDPA deference.

*See* 28 U.S.C. § 2254(d); <u>Harrington</u>, 562 U.S. at 98-100.

The state court record supports the findings of the post-conviction

court that the testimony and evidence presented at trial showed Howard

was the individual who sold cocaine to the CI and placed the cocaine in the

trunk of the CI's car.   Ex. B at 51-67, 99, 102-11.   Further, a review of the

trial transcript reflects that when the State filed the supplemental discovery

exhibit, defense counsel conferred with Howard and stated on the record

that "after careful consultation with my client, we're prepared to go forward."

*Id.* at 7.

Petitioner Howard has not shown that the state court's rejection of

this ground involved an unreasonable application of clearly established

federal law or that it was based on an unreasonable determination of the

facts.   *See* 28 U.S.C. § 2254(d)(1)-(2).   Accordingly, this ground should

be denied.

### <u>Ground 3:</u>   IAC – Motion to Disqualify Judge

In his third ground, Petitioner Howard argues his trial counsel

provided ineffective assistance by not properly addressing a potential

conflict with the presiding judge, James Browning, by filing a motion to

recuse.   ECF No. 1 at 9.   Petitioner raised this ground in state court as the

third claim in his Rule 3.850 motion.   *See* Ex. J at 14-15.   The post-

conviction court summarily denied the claim, making the following findings:

As to Claim Three, Defendant alleges that trial counsel was ineffective for failing to properly address the potential conflict with the presiding judge.   According to Defendant, the judge in this could not have been impartial because he had recently tried a case in which Defendant was acquitted for a similar offense.

"To warrant recusal, a motion for disqualification must concretely allege a well-founded, reasonable fear on the part of the defendant that he or she will not receive a fair trial before a particular judge."   Waterhouse v. State, 792 So. 2d 1176, 1194 (Fla. 2001).   "[A] defendant's 'subjective fears . . . are not 'reasonably sufficient' to justify a 'well-founded fear' of prejudice.'"   *Id.* (quoting Arbelaez v. State, 775 So. 2d 909, 916 (Fla. 2000)).   "The fact that the judge has made adverse rulings in the past against the defendant, or that the judge has previously heard the evidence, or 'allegations that the trial judge had formed a fixed opinion of the defendant's guilt, even where it is alleged that the judge discussed his opinion with others,' are generally considered legally insufficient reasons to warrant the judge's disqualification.'"   Rivera v. State, 717 So. 2d 477, 481 (Fla. 1998) (quoting Jackson v. State, 599 So. 2d 103, 107 (Fla. 1992)).

Here, Defendant's claim is based on nothing more than speculation and conjecture.   In fact, at sentencing, the court imposed a lesser sentence than that which was being requested by the State.   *See* Trial Transcript at 181 (lines 11-25) – 182 (lines 1-9), 184 (lines 4-25) – 187 (lines 1-4).   And, there is no evidence that the court took Defendant's prior acquittal into consideration.   *Id.*   For these reasons, Defendant fails to show either error by counsel or prejudice.   Accordingly, the claim raised is without merit.

*Id.* at 56-57.   On appeal, the First DCA affirmed without a written opinion.

This constitutes a ruling on the merits and is entitled to AEDPA deference.

*See* 28 U.S.C. § 2254(d); Harrington, 562 U.S. at 98-100.

The record supports the post-conviction court's findings that, at sentencing, the court imposed a lesser prison sentence (10 years) than the one requested by the State (15 years), and nothing indicates the court took into consideration Howard's prior acquittal.   *See* Ex. B at 181-82, 184-87. As the post-conviction court determined, Howard's claim is based on speculation and conjecture.

Petitioner Howard has not shown that the state court's rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts.   *See* 28 U.S.C. § 2254(d)(1)-(2).   Accordingly, this ground should be denied.

## Ground 4:   IAC – Venue

In his fourth ground, Petitioner Howard argues his trial counsel provided ineffective assistance by not requesting a change of venue.   ECF No. 1 at 11.   Petitioner raised this ground in state court as the fourth claim in his Rule 3.850 motion.   *See* Ex. J at 15-16.   The state post-conviction trial court summarily denied the claim, making the following findings:

> As to Claim Four, Defendant alleges that trial counsel was ineffective for failing to request a change of venue.   According

to Defendant, he could not get a fair trial in Levy County because:   (1) "Levy County is a very small county where [he] had grown up and was well known by the other residents"; and, (2) "the problem of [Defendant's] close community affected the impartiality of the trial."   Defendant argues that "it is reasonable to infer that members of the jury pool knew of [Defendant] or knew of his alleged situation going into trial"; and, "[a]s a result, the individuals deciding [his] fate had already been exposed to some knowledge of the incident on November 23, 2011, whether that information was true or false."

   "The test for determining whether to grant a change of venue is whether the inhabitants of a community are so infected by knowledge of the incident and accompanying prejudice, bias, and preconceived opinions that jurors could not possibly put these matters out of their minds and try the case solely on the evidence presented in the courtroom."   Griffin v. State, 866 So. 2d 1, 12 (Fla. 2003) (citing McCaskill v. State, 344 So. 2d 1276, 1278 (Fla. 1977)).   "In exercising its discretion regarding a change of venue, a trial court must make a two-pronged analysis, evaluating:   (1) the extent and nature of any pretrial publicity; and (2) the difficulty encountered in actually selecting a jury."   Id. (citing Rolling v. State, 695 So. 2d 278, 285 (Fla. 1997)).   Here, the record reflects that the only juror (Melanie Hutchinson) who knew the witnesses in this case, and Defendant, was struck by the defense.   See Jury Selection Transcript at 10 (lines 1-25) – 11 (lines 1-13), 22 (lines 21-25) – 23 (lines 1-20), 51 (lines 22-25) – 52 (lines 1-13), 85 (lines 10-17).   For this reason, there is not a reasonable probability that a motion to change venue would have been granted.   Thus, Defendant fails to show either error by counsel or prejudice for failure to file the motion.   Accordingly, the claim raised is without merit.

Id. at 57-58.   On appeal, the First DCA affirmed without a written opinion.

This constitutes a ruling on the merits and is entitled to AEDPA deference.

*See* 28 U.S.C. § 2254(d); <u>Harrington</u>, 562 U.S. at 98-100.

The record supports the post-conviction court's finding that the only juror who knew Howard and witnesses in the case was struck by the defense during jury selection. *See* Ex. J at 96-107. Thus, as the court determined, there is not a reasonable probability that a motion to change venue was warranted or, if made, would have been granted. As the court concluded, Howard did not show deficient performance by counsel or prejudice resulting from not filing a motion to change venue.

Petitioner Howard has not shown that the state court's rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2). Accordingly, this ground should be denied.

## <u>Ground 5</u>:   IAC – Entrapment Defense

In his fifth ground, Petitioner Howard asserts his trial counsel provided ineffective assistance by not pursuing an entrapment defense. ECF No. 1 at 13. Petitioner raised this ground in state court as the fifth claim in his Rule 3.850 motion. *See* Ex. J at 16-19. The state post-conviction trial court summarily denied the claim, making the following

findings:

>       As to Claim Five, Defendant alleges that trial counsel was
> ineffective for failing to pursue an entrapment defense.
> According to Defendant, law enforcement committed objective
> entrapment by targeting Defendant in their operation; and,
> committed subjective entrapment by using a friend of
> Defendant's as the confidential informant.   Counsel cannot be
> ineffective for failing to raise an entrapment defense when
> Defendant denies committing the underlying act with which he
> is charged.   *See* State v. Freeman, 796 So. 2d 574, 577 (Fla.
> 2d DCA 2001) ("The general rule, subject to limited exceptions,
> is that a defendant who denies committing the crime cannot
> claim entrapment as a defense") (citing Wilson v. State, 577 So.
> 2d 1300 (Fla. 1991)).   Here, Defendant denied committing the
> charged offenses.   *See* Trial Transcript at 27 (lines 13-25) – 28
> (line 1), 133 (line 25) – 138 (lines 1-16).   Even in the instant
> motion, Defendant denies committing the offenses.   For this
> reason, counsel did not err by failing to raise an entrapment
> defense.   Regardless, the evidence at trial reflects that
> Defendant took measures to avoid being caught selling the
> cocaine, including calling it "mullet," asking if the confidential
> informant was a confidential informant, and telling the
> confidential informant to look out for law enforcement.   *Id.* at 60
> (lines 14-25) – 61 (lines 1-2), 63 (lines 2-9), 66 (lines 6-25) – 67
> (line 1), 106 (lines 23-25) – 111 (lines 1-14).   None of these
> actions are consistent with Defendant being entrapped into
> committing the charged offenses.   For these reasons,
> Defendant fails to show either error by counsel or prejudice.
> Accordingly, the claim raised is without merit.

*Id.* at 59.   On appeal, the First DCA affirmed without a written opinion.

This constitutes a ruling on the merits and is entitled to AEDPA deference.

*See* 28 U.S.C. § 2254(d); Harrington, 562 U.S. at 98-100.

>       The state court record supports the post-conviction court's finding

that Howard denied committing the offenses.   *See* Ex. B at 27-28 (defense opening statement), 132-38 (defense closing argument).   The record also supports the court's finding that the evidence at trial showed Howard took measures to avoid being caught selling cocaine.   *See id.* at 60-63, 66-67, 106-11.   Accordingly, as the state court concluded, defense counsel cannot be ineffective for not raising an entrapment defense.

Petitioner Howard has not shown that the state court's rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts.   *See* 28 U.S.C. § 2254(d)(1)-(2).   Accordingly, this ground should be denied.

<u>**Ground 6**</u>:   **IAC – Failure to Call Defense Witnesses**

In his sixth claim, Petitioner Howard argues trial counsel provided ineffective assistance because he did not call any witnesses on Petitioner's behalf during the trial.   ECF No. 1 at 16.   Petitioner raised this ground in state court as the sixth claim in his Rule 3.850 motion.   *See* Ex. J at 19-21. The state post-conviction trial court summarily denied the claim, making the following findings:

As to Claim Six, Defendant alleges that trial counsel was ineffective for failing to call any witness to testify on behalf of

Defendant.   In order to state a facially sufficient claim for failure to call a witness at trial, the movant must allege the following: (1) the identity of the potential witness; (2) the substance of the witness's testimony; (3) an explanation of how the omission of the testimony prejudiced the outcome of the case; and, (4) a representation that the witness was available for trial.   Leftwich v. State, 954 So. 2d 714, 714 (Fla. 1st DCA 2007) (citing Nelson v. State, 875 So. 2d 579, 583-84 (Fla. 2004). Defendant has provided this information.   According to Defendant, counsel should have called:   (1) Tory White to testify that the prescription box which contained the cocaine belonged to his mother; and, that "he did not see [Defendant] give the prescription box to [the confidential informant]"; (2) Tlama White to testify that the prescription box which contained the cocaine belonged to her, which would have shown that Defendant "was not in possession of the [cocaine] because he did not have ownership or management over it"; and, (3) the custodian of records for Winn-Dixie Pharmacy to testify that the prescription box in which the cocaine was found belonged to Tlama White.   None of these witnesses' proposed testimony undermines or refutes the evidence presented at trial showing that Defendant sold cocaine to the confidential informant.   For this reason, Defendant fails to show either error by counsel or prejudice.   Accordingly, the claim raised is without merit.

Id. at 59-60 (footnote omitted).   On appeal, the First DCA affirmed without a written opinion.   This constitutes a ruling on the merits and is entitled to AEDPA deference.   See 28 U.S.C. § 2254(d); Harrington, 562 U.S. at 98-100.

The state court record supports the post-conviction court's findings that none of the witnesses' proposed testimony suggested by Howard undermines or refutes the evidence the State presented at trial showing

Howard sold cocaine to the confidential informant.   As explained in the

analysis of Ground 13, *infra*, the State presented evidence of a controlled

cocaine buy between Howard and the CI.   That the cocaine may have

been in a prescription box with another individual's name on it does not

refute the video and audio evidence and witness testimony concerning the

controlled buy involving Howard and the CI.

Petitioner Howard has not shown the state court's rejection of this

ground was either (1) contrary to, or involved an unreasonable application

of, clearly established U.S. Supreme Court precedent, or (2) based on an

unreasonable determination of the facts in light of the evidence presented

in the state court proceeding.   *See* 28 U.S.C. § 2254(d)(1)-(2).   This

ground should be denied.

### Ground 7:   IAC – No Impeachment of State's Witnesses

In his seventh ground, Petitioner Howard asserts his trial counsel

provided ineffective assistance by not impeaching the State's witnesses.

ECF No. 1 at 18.   Petitioner raised this ground in state court as the

seventh claim in his Rule 3.850 motion.   *See* Ex. J at 22-24.   The state

post-conviction trial court summarily denied the claim, finding the claim

"conclusively refuted by the record.   *See* Trial Transcript at 69 (lines 4-25)

– 78, 112 (lines 13-25) – 116 (lines 1-4)."   Ex. J at 60.   On appeal, the

First DCA affirmed without a written opinion.   This constitutes a ruling on

the merits and is entitled to AEDPA deference.   *See* 28 U.S.C. § 2254(d);

Harrington, 562 U.S. at 98-100.

The state court record supports the post-conviction court's

determination.   In particular, a review of the trial transcript reflects that

defense counsel did use deposition testimony and background information

to impeach State witnesses.   *See* Ex. B at 69-78 (Investigator Burt Miller),

112-16 (CI).

Petitioner Howard has not shown the state court's rejection of this

ground was either (1) contrary to, or involved an unreasonable application

of, clearly established U.S. Supreme Court precedent, or (2) based on an

unreasonable determination of the facts in light of the evidence presented

in the state court proceeding.   *See* 28 U.S.C. § 2254(d)(1)-(2).   This

ground should be denied.

### Ground 8:   IAC – Cross-Examination of State Witnesses

In his eighth ground, Petitioner Howard argues defense counsel

provided ineffective assistance by not adequately cross-examining the

State's witnesses.   ECF No. 1 at 21.   Petitioner raised this ground in state

court as the eighth claim in his Rule 3.850 motion.   Ex. J at 24-26.   The

state post-conviction court denied the claim, making the following findings:

> As to Claim Eight, Defendant alleges that trial counsel
> was ineffective for failing to adequately cross-examine State
> witnesses.   According to Defendant, counsel should have
> pointed out that the prescription box in which the cocaine was
> found belonged to another person; that Defendant's fingerprints
> were not on the box; that Investigator Miller's opening of the
> box was not continuously recorded; and, that there was another
> person in the vehicle with Defendant.   None of the issues are
> material to Defendant's guilt as to the charged offenses.   First,
> the fact that the box came from a source other than Defendant,
> and that his fingerprints were not on the box, does not
> undermine the evidence that Defendant sold the confidential
> informant cocaine which was in the box.   Second, counsel did
> point out in closing argument that the video does not appear to
> show Investigator Miller opening of the box.   *See* Trial
> Transcript at 137 (lines 5-17).   Finally, the evidence presented
> at trial reflects that Defendant was the sole person who sold the
> cocaine to the confidential informant and placed it in the
> confidential informant's trunk.   Thus, it is immaterial that Tory
> White was in the same vehicle as Defendant at the time of the
> offense.   For these reasons, Defendant fails to show either
> error by counsel or prejudice.   Accordingly, the claim raised is
> without merit.

*Id.* at 61.   On appeal, the First DCA affirmed without a written opinion.

This constitutes a ruling on the merits and is entitled to AEDPA deference.

*See* 28 U.S.C. § 2254(d); Harrington, 562 U.S. at 98-100.

The state court record support's the post-conviction court's finding the

issues Howard argues defense counsel should have cross-examined State

witnesses about – the prescription box, no fingerprints, no recording of the

investigator opening the box, and another person in the car with Howard –

were not material to the charged offenses.   Further, as the court found,

defense counsel did point out in closing argument that the video does not

appear to show the investigator opening the box.   *See* Ex. B at 137.   In

his closing, defense counsel made other points, including the lack of

fingerprints, in his closing argument:

> Apparently, Mr. Howard is alleged to have held these particular items.   There's no testimony that he has any gloves on, but, yet, there's no fingerprints.   There's no DNA, no fingerprints, nothing to tie him to the particular item in the vehicle.
>
> You also heard that [the CI] indicated in his testimony that Burt was the one who took the drugs out of the vehicle.   But look at the video.   I ask you, I implore you, please look at the video.   You're going to see the person that took the drugs out of the vehicle was [the CI].   Mr. Miller [the investigator] is a big fellow.   Bigger – he's taller than me.   I don't know.   I think I may have bigger arms, but he's taller than me.   He's got big hands.   Look at the hands that went inside the box to pick out the drugs.   [The CI] said it was Burt Miller who did.   It was a very small hand that went in there.   You've seen [the CI] – you've seen the size of him; a very small individual.

*Id.* at 136-37.

Further, as explained in the analysis of other grounds, the evidence

at trial showed Howard was the person who sold the cocaine in the

controlled buy and placed it in the informant's trunk.   The state court did

not unreasonably conclude Howard had not shown deficient performance or prejudice resulting therefrom.

Petitioner Howard has not shown the state court's rejection of this ground was either (1) contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.   *See* 28 U.S.C. § 2254(d)(1)-(2).   This ground should be denied.

### Ground 9:   IAC – Closing Argument

In his ninth ground, Petitioner Howard argues defense counsel provided ineffective assistance by not giving a proper closing argument, thereby exposing the jury only to the State's theory of the case.   ECF No. 1 at 23.   Petitioner raised this ground in state court as the ninth claim in his Rule 3.850 motion.   Ex. J at 26-28.   The state post-conviction court summarily denied the claim, finding it "conclusively refuted by the record. *See* Trial Transcript at 132 (lines 18-25) – 140 (lines 1-2)."   *Id.* at 61.   On appeal, the First DCA affirmed without a written opinion.   This constitutes a ruling on the merits and is entitled to AEDPA deference.   *See* 28 U.S.C. § 2254(d); Harrington, 562 U.S. at 98-100.

The state court record supports the post-conviction court's findings. A review of the trial transcript reveals defense counsel gave a proper closing argument, including, as explained in the analysis of Ground 8, *supra*, points about the lack of fingerprints and video evidence of the investigator opening the box.

Petitioner Howard has not shown the state court's rejection of this ground was either (1) contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.   *See* 28 U.S.C. § 2254(d)(1)-(2).   This ground should be denied.

### <u>Ground 10</u>:   IAC – Failed to Object to Jury Instructions

In his tenth ground, Petitioner Howard argues defense counsel provided ineffective assistance by not objecting to jury instructions that were inconsistent with the charging information.   ECF No. 1 at 26. Petitioner raised this ground in state court as the tenth claim in his Rule 3.850 motion.   Ex. J at 28.   The state post-conviction court summarily denied the claim, making the following findings:

> As to Claim Ten, Defendant alleges that trial counsel was ineffective for failing to object to the jury instructions that were

inconsistent with the Defendant's information.   According to Defendant, counsel should have asked for a jury instruction that included delivery as well as sale since delivery was also alleged in the State's Information.   *See* Amended Information; Jury Instructions.

> "[S]ale and delivery of controlled substances are separate offenses with separate definitions."   State v. Mena, 471 So. 2d 1297, 1299 (Fla. 3d DCA 1985).   However, "[i]t takes more of an evidentiary showing to prove sale than delivery, because the element of consideration must be established."   Bosier v. State, 419 So. 2d 1042, 1044 (Fla. 1982).   Because the two offenses have the same level of culpability, "the legislature has provided no incentive for prosecutors to charge and prove the crime of sale, because the equally culpable crime of delivery can be more easily proved and carries identical penalties."

> Here, even though the State charged Defendant with sale and delivery of cocaine, it put forward evidence and argument directed to the offense of sale of cocaine.   Because sale of cocaine contains an additional element that delivery does not, Defendant fails to show prejudice even if counsel did err by failing to object to the jury instruction on this count. Accordingly, the claim raised is without merit.

*Id.* at 61-62.   On appeal, the First DCA affirmed without a written opinion.

This constitutes a ruling on the merits and is entitled to AEDPA deference.

*See* 28 U.S.C. § 2254(d); Harrington, 562 U.S. at 98-100.

The state court record supports the post-conviction court's findings regarding the evidence presented by the prosecution.   *See* Ex. B.   The amended information charged Petitioner Howard with two offenses:   (1) possession of a controlled substance (cocaine) with intent to sell, in

violation of section 893.13(1)(a)1., Florida Statutes (2011); and (2) sale and delivery of a controlled substance (cocaine), contrary to section 893.13(1)(a)1., Florida Statutes (2011).   Ex. A at 11.   Notably, the summary of the charges lists the counts as "I) DRUGS:   POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO SELL [AND]   II) DRUGS:   SALE OF A CONTROLLED SUBSTANCE."   *Id.*   Further, in summarizing the offenses for the jury, at the outset of instructing them, the judge explained:   "Kenyatta Howard, the defendant in this case, has been accused of the crimes of Possession of a Controlled Substance with Intent To Sell and Sale of a Controlled Substance."   Ex. B at 146-47.   Moreover, as the post-conviction court explained, the offense of sale of cocaine (which the State proved) contains an additional element (consideration). *See, e.g.*, Bosier, 419 So. 2d at 1044 ("The state argues in the alternative that if indeed appellant was charged with and convicted of sale, then he was also convicted of delivery, because delivery is a necessary element of every sale.   While we need not reach the merits of this argument, it does point out the weaknesses in the statutory scheme . . . . Sale and delivery are separate offenses with separate definitions.   It takes more of an evidentiary showing to prove sale than delivery, because the element of

consideration must be established.").    Therefore, as the court concluded, Petitioner cannot show prejudice, even assuming his counsel performed deficiently by not asking for a jury instruction that specifically included delivery as well as sale, as Petitioner was properly convicted of sale of cocaine as charged in Count 2.    *See* Ex. A at 99; Ex. B at 177-78.

Petitioner Howard has not shown the state court's rejection of this ground was either (1) contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.    *See* 28 U.S.C. § 2254(d)(1)-(2).    This ground should be denied.

### Ground 11:    IAC – Failed to Offer Mitigation Evidence

In his eleventh ground, Petitioner Howard argues defense counsel provided ineffective assistance by not offering any mitigation evidence at sentencing.    ECF No. 1 at 28.    Petitioner raised this ground in state court as the eleventh claim in his Rule 3.850 motion.    Ex. J at 29-31.    The state post-conviction court summarily denied the claim, making the following findings:

> As to Claim Eleven, Defendant alleges that trial counsel was ineffective for failing to offer mitigation at sentencing.

> According to Defendant, counsel failed to present evidence at sentencing that Defendant "had a family to support."   He additionally argues that counsel failed to explain to the court why his lack of prior drug history was relevant in this case.   As to the latter point, the court does not need defense counsel to explain to it why Defendant's lack of drug-related criminal history is relevant t sentencing in a sale-of-cocaine case.   The court can successfully make the connection without the need of assistance.   *See* Trial Transcript at 182 (lines 15-17).   As to the former point, counsel pointed out to the court that Defendant had a family, who was present in the courtroom, whom he supports and who support him.   *Id.* at 182 (lines 21-25) – 183 (lines 1-18).   Even though counsel did not have them speak to the court, Defendant fails to show how this was error or how he was prejudiced by it.   Accordingly, the claim raised is without merit.

*Id.* at 62-63.   On appeal, the First DCA affirmed without a written opinion.

This constitutes a ruling on the merits and is entitled to AEDPA deference.

*See* 28 U.S.C. § 2254(d); <u>Harrington</u>, 562 U.S. at 98-100.

The state court record supports the post-conviction court's finding that defense counsel pointed out to the trial court that Howard had a family, present in the courtroom, supportive of him.   *See* Ex. B at 182 (defense counsel:   "Mr. Howard has always come to court, always been respective. His family is in the audience.   They're very supportive, and they've also been very respectful, Your Honor.   He does have a family out there.").   Defense counsel also pointed out that "this is his first conviction of any drug charge."   *Id.*   Howard also addressed the judge:   "I have kids and I got a

son, and all I can see is his face right now, and I'm responsible for my own

actions, and I just ask that you have mercy on me under God on my

sentence."   *Id.* at 83.   The state court did not unreasonably conclude

Howard had not shown deficient performance or prejudice resulting

therefrom.

Petitioner Howard has not shown the state court's rejection of this

ground was either (1) contrary to, or involved an unreasonable application

of, clearly established U.S. Supreme Court precedent, or (2) based on an

unreasonable determination of the facts in light of the evidence presented

in the state court proceeding.   *See* 28 U.S.C. § 2254(d)(1)-(2).   This

ground should be denied.

### Ground 12:   IAC – Cumulative

In his twelfth ground, Petitioner Howard argues the cumulative effect

of his trial counsel's errors rendered his assistance ineffective within the

meaning of Strickland.   ECF No. 1 at 30.   Petitioner raised this ground in

state court as the twelfth claim in his Rule 3.850 motion.   Ex. J at 31.   The

state post-conviction court summarily denied the claim, making the

following findings:

As to Claim Twelve, Defendant alleges that trial counsel
was ineffective based on cumulative error.   A claim of

> cumulative error is unsuccessful if the movant fails to prove any
> of the individual errors that he alleges.   Suggs v. State, 923
> So. 2d 419, 441 (Fla. 2005).   In the instant motion, none of
> Defendant's claims have merit.   Accordingly, this claim is also
> without merit.

Id. at 63.   On appeal, the First DCA affirmed without a written opinion.

This constitutes a ruling on the merits and is entitled to AEDPA deference.

See 28 U.S.C. § 2254(d); Harrington, 562 U.S. at 98-100.

Petitioner has not shown that the state court's rejection of this ground

involved an unreasonable application of clearly established federal law or

that it was based on an unreasonable determination of the facts.   See 28

U.S.C. § 2254(d)(1)-(2).   Indeed, the Eleventh Circuit has rejected an

argument of cumulative error in the context of IAC claims.   See Forrest v.

Fla. Dep't of Corr., 342 F. App'x 560, 565 (11th Cir. 2009).   Moreover, as

the state court explained, because each individual ground fails, this ground

likewise fails.   See Parker v. State, 904 So. 2d 370, 380 (Fla. 2005)

(stating that "where the individual claims of error alleged are either

procedurally barred or without merit, the claim of cumulative error also

necessarily fails"); Morris v. Sec'y, Dep't of Corr., 677 F.3d 1117, 1132

(11th Cir. 2012) ("Plainly, Morris's cumulative error claim must fail.   As

demonstrated above, none of Morris's individual claims of error or prejudice

have any merit, and therefore we have nothing to accumulate.").

### Ground 13:   Insufficient Evidence – State Failed to Prove All Elements Beyond a Reasonable Doubt

In his thirteenth ground, Petitioner Howard argues his current confinement violates the U.S. Constitution because the evidence was insufficient to sustain the jury's verdict.   ECF No. 1 at 31.   Howard raised this claim in state court as the first point in the amended initial brief filed in his direct appeal.   Ex. E at 14-19.

As Respondent indicates, however, Howard did not present this as a federal claim to the state court, he did not cite any federal law to the state trial and appellate courts, and he presented this claim in state court as only a matter of state law.   *See* Ex. B at 116-17, 126; Ex. E at 14-19; Ex. G at 4-8.   Accordingly, Howard has not exhausted this claim and it is procedurally defaulted because he cannot now return to state court to exhaust it.   He has not alleged or shown cause or prejudice for the default.

Even if the merits are considered, this claim should be denied.   The State presented sufficient evidence that Petitioner Howard possessed cocaine.   In particular, testimony at trial indicated Investigator Miller and Lieutenant Dyksta, from the Levy County Sheriff's Office, met the confidential informant (CI) to set up a controlled buy from Howard.   Ex. B

at 29, 40.   The CI contacted Howard and arranged to purchase $400 worth of powder cocaine.   *Id.* at 40-41.   Miller testified he recognized Howard's phone number and Howard's voice on the phone call the CI placed, explaining that he has "known Mr. Howard for at least 25 years."   *Id.* at 48. The exchange between the CI and Howard during the controlled buy was recorded on both video and audio devices.   Ex. B at 32, 49-50.   Miller identified Howard's voice on the recording and identified Howard on the video.   *Id.* at 51.   The video of the controlled buy (State's Exhibit 2) was played for the jury.   *Id.* at 59-63.   During the buy, Howard placed the cocaine in the trunk of the CI's car; after the buy, the officers searched the trunk and found the cocaine in a plastic bag inside a prescription nasal spray box, which was in a bleach box.   Ex. B at 53, 55; 106-07.   A crime lab analyst, Katherine Bible, testified she tested the substance and it contained cocaine.   Ex. B at 87-92.

Petitioner Howard has not shown the state court's rejection of this ground was either (1) contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.   *See* 28 U.S.C. § 2254(d)(1)-(2).   This

ground should be denied.

## Conclusion

Based on the foregoing, Petitioner Kenyatta Howard is not entitled to federal habeas relief.   The § 2254 petition (ECF No. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   The parties shall make any argument as to

whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the § 2254 petition (ECF No. 1).   It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 17, 2017.

**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   Any different deadline that may**

**appear on the electronic docket is for the Court's internal use only and does not control**.    If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.    *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.